UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Frank V., | File No. 26-CV-0044 (JMB/DTS) |
| Petitioner, | |
| v. | |
| Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd Lyons, *in his official capacity as acting director of U.S. Immigration and Customs Enforcement*; Pam Bondi, *in her official capacity as Attorney General of the United States*; and Eric Tollefson, *Kandiyohi County Jail Sheriff*, | ORDER |
| Respondents. | |

---

Evan Grant Brown and Gloria Leticia Contreras Edin, Contreras Edin Law, PA, St. Paul, MN, for Frank V.

Lucas B. Draisey and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Samuel J. Olson, Kristi Noem, Todd Lyons, and Pamela Bondi.

Respondent Eric Tollefson, self-represented.

---

This matter is before the Court on Petitioner Frank V.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents Samuel J. Olson, Kristi Noem, Todd Lyons, Pamela Bondi, and Eric Tollefson (together, "Respondents") oppose the Petition. For the reasons explained below, the Court grants the Petition.

**FINDINGS OF FACT**

1.  Frank V. is a citizen and national of Colombia. (Doc. No. 11 [hereinafter, "Campbell Decl."] at ¶ 5.)

2.  Frank V. entered the United States in August 2018 with an authorized tourist visa. (Pet. ¶ 2; Campbell Decl. ¶ 6.)

3.  On March 15, 2019, Frank V. was arrested and taken into Immigration and Customs Enforcement (ICE) custody under the charge of Overstaying a Valid Visa under INA 237(a)(1)(B) (codified at 8 U.S.C. § 1227(a)(1)(B)). (Pet. ¶ 3; Campbell Decl. ¶ 7.)

4.  On April 3, 2019, an Immigration Judge granted Frank V. bond pursuant to a discretionary 1226(a) bond hearing, noting that Frank V. was released on bond "per parties' stipulation." (Doc. No. 1-4; *see also* Pet. ¶ 50.) Frank V. was released on bond on April 5, 2019. (Campbell Decl. ¶ 8.)

5.  The order for release on bond does not list or refer to any conditions of release. (Doc. 11-1 at 8 (April 3, 2019 Order of the Immigration Judge with Respect to Custody).) Nor does an earlier order for release on bond from the 2019 proceedings. (Doc. No. 11-1 at 3 (March 15, 2019 Notice of Custody Determination).)

6.  Frank V. has not violated any conditions of release. (Pet. ¶ 61.)

7.  Frank V. has a pending asylum claim. (*Id.* ¶ 54.)

2

8. Frank V. is currently in removal proceedings, and there has not yet been any order of removal entered against him. (*See id.* ¶ 53.)

9. On November 12, 2025, Frank V. reported to ICE as directed for a check-in. (*See* Campbell Decl. ¶ 9.)[2] ICE officials conducted a records check and found that he had incurred five minor traffic-related citations since he was released on bond in 2019. (*Id.*)

10. ICE then served Frank V. with a Warrant for Arrest of Alien. (Doc. No. 11-1 at 11 ("On November 12, 2025, [Frank V.] was served with a Warrant of Alien Arrest . . . . [He] was processed administratively for 8 USC 1182(a) Removal Proceedings."); *id.* at 12.) The warrant stated that it had been determined that there was probable cause to believe that Frank V. is removable from the United States. (*Id.* at 12.) The warrant for arrest did not refer to any violation of conditions of supervised release. (*See id.*)

11. In a Notice of Custody Determination form that was provided to and signed by Frank V. on November 12, 2025, he requested a bond hearing by noting on the form his "request [for] an immigration judge review of this custody determination." (*Id.* at 13.)

12. The next day, ICE provided notice to Frank V. that it was cancelling the bond he had posted on April 5, 2019 because "the conditions of the immigration bond . . . have been satisfied." (*Id.* at 14.)

---

[2] There is no evidence in the record concerning how frequently Frank V. reported to ICE for check-in appointments. There is no suggestion that Frank V. ever missed any appointments since his release in 2019.

13. At some point between November 12 and December 10, 2025,³ Frank V. was arrested. He remains in ICE custody at the Kandiyohi County Jail. (Pet. ¶ 1.)

14. On January 5, 2026, Frank V. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Frank V. seeks, at a minimum, a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* ¶¶ 59–60.) He also asserts in Count I that he "was granted release on bond and has not violated his conditions of release" and that his "arrest and continuing detention are therefore unlawful." (*Id.* ¶¶ 61–62.) Frank V. also requests an order to immediately release him based on allegations that his detention violates applicable regulations, the Immigration and Nationality Act, the due process clause of the Fifth Amendment, and the Administrative Procedure Act. (*Id.* ¶¶ 61–82; *see also id.* at 20 (Prayer for Relief).)

15. On January 6, 2026, the Court ordered Respondents to file a response to each count of the Petition by January 8, 2026 at 11:00 a.m. (Doc. No. 7.) Respondents timely responded. (Doc. Nos. 10–11.) Respondents do not seek a hearing on the Petition. (Doc. No. 10 at 4.)

## DISCUSSION

For the reasons set forth below, the Court grants the Petition and orders Frank V.'s immediate release.

---

³ Respondents' brief and the Campbell Declaration refer to November 12, 2025, as the start of Frank V.'s custodial detention. (Doc. No. 10 at 4; *see* Campbell Decl. ¶ 9.) Both the Petition and Frank V.'s request for bond hearing refer to December 10, 2025, as the date of Frank V.'s arrest and beginning of his period of detention. (Pet. ¶ 5; Doc. No. 11-2 at 2.) For purposes of ruling on the Petition, the Court need not determine which date is correct.

### A. Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B. Applicability of Section 1226

Respondents concede that Frank V. is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. No. 10 at 1.) Therefore, even if the Court were not granting the request for Frank V.'s immediate release as set forth below, the Court would grant the request for

a prompt bond redetermination hearing, as Respondents do not dispute that a bond hearing is required by law.[4]

### C. Legality of Arrest and Request for Immediate Release

The Court is also convinced that on this record, Respondents' re-detention of Frank V. was unlawful and thus orders his immediate release.

To begin, the Court considers Frank V.'s request for release on the basis of an illegal arrest to be unopposed. The Court ordered Respondents to "respond to each count of Petitioner's Habeas Petition . . . ." (Doc. No. 7.) In Count I of the Petition, Frank V. alleges that he "was granted release on bond and has not violated his conditions of release" and that his "arrest and continuing detention are therefore unlawful." (*Id.* ¶¶ 61–62.) Although portions of the declaration attached to the response offer one explanation for Frank V.'s arrest (Campbell Decl. ¶ 9), Respondents do not present any well-developed legal argument concerning the lawfulness of Frank V.'s arrest. To be clear, Respondents' sole legal argument is that the Court should deny the Petition as moot because Frank V. will be provided a bond hearing. (*See* Doc. No. 10 at 3–4.) Such an argument has no bearing on Count I of the Petition to the extent it challenges Frank V.'s arrest, and the Court grants the Petition as unopposed for this reason.

Separately and independently, the Court also concludes that the explanation provided in the Campbell Declaration is unsupported by the record presented. The

---

[4] Respondents state that "Petitioner did not request a bond hearing until January 5th." (Doc. No. 10 at 3.) This statement is incorrect. To the contrary, Frank V. requested a custody redetermination hearing on November 12, 2025—57 days ago. (Doc. No. 11-1 at 13.)

declaration states that "[o]ne of the conditions of release on bond is to remain law abiding." (Campbell Decl. ¶ 9.) This paragraph also states that "[r]ecords checks indicated [Frank V.] had accumulated five driving citations since his release on bond" and that "since [Frank V.] violated that condition[,] ICE arrested him and canceled his bond." (*Id.*) Aside from this self-serving declaratory statement, however, the record contains no evidence of any conditions of release. There are two orders releasing Frank V. on bond that are included in the record. (*See* Doc. 11-1 at 3 (March 15, 2019 Notice of Custody Determination) and 8 (April 3, 2019 Order of the Immigration Judge with Respect to Custody).) Neither document contains conditions of release. On their face, and other than the bond amount, both release orders appear to be unconditional. Moreover, the warrant that Respondents issued on November 12, 2025, makes no reference to violations of conditions of supervised release. (*Id.* at 12.)

Finally, the Court is concerned that Respondents are using minor traffic-related citations as an after-the-fact justification for detaining Frank V. It is well-established that citations for speeding and driving without a license are not criminal offenses. N.D. Cent. Code § 39-06.1-02 (establishing that a person charged with speeding, driving without a license, or other moving violations in North Dakota is "deemed to be charged with a noncriminal offense"); *see also Morrell v. Hjelle*, 128 N.W.2d 728, 730 (N.D. 1964) (affirming decision to reverse suspension of driver's license because five previous instances of speeding were not "serious" offenses that could justify suspension.) Absent some additional information regarding these minor traffic-related citations, the Court cannot agree that this conduct could constitute a violation of a condition of release, even

7

assuming that the record presented indicated such a condition had been imposed.

Thus, the Court concludes that Respondents arrest and re-detention of Frank V. was unlawful[5]  The Court accordingly orders his immediate release.[6]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Frank V. from custody immediately, and in any event no later than 5:00 p.m. CT on January 9, 2026, subject to and in accordance with his preexisting order of release dated April 3, 2019.

2. On or before 11:00 a.m. CT on January 12, 2026, Respondents shall provide the Court with a status update confirming that Petitioner was released from custody in accordance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 9, 2026                                /s/ *Jeffrey M. Bryan*
                                                      Judge Jeffrey M. Bryan
                                                      United States District Court

---

[5] To be sure, applicable regulations speak of the agency's "discretion" to revoke release. *See* 8 C.F.R. § 236.1(c)(9).  Respondents do not argue, however, that the re-detention of Frank V. was simply a matter of exercising blanket discretion.  Thus, the Court need not assess, at this juncture, the merits of a position that the applicable statute and regulations provide unbounded discretionary authority to revoke previously authorized release or the constitutionality of such unlimited discretion.

[6] The Court does not address Frank V.'s request for an award of fees and costs under the Equal Access to Justice Act; he may move separately for such relief within 30 days of final judgment in this action.  28 U.S.C. § 2412(d)(1)(B).